David S. Milton, Esq. (State Bar No. 82368)
Long David Liu, Esq. (State Bar No. 236815)
Law Offices of David S. Milton
1163 Fairway Dr., Suite 105
City of Industry, CA  91789
Tel: (626) 232-8888
Email: davidsmiltonlawfirm@gmail.com

*Counsel for Plaintiff,*
*Long David Liu*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG DAVID LIU, An Individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROBERT A. BONTA, in his official capacity as Attorney General of the State of California.<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT OF PLAINTIFF LONG DAVID LIU** |

## COMPLAINT

Plaintiff LONG DAVID LIU ("Plaintiff") through undersigned counsel, file this Complaint for declaratory and injunctive relief against Gavin Newsom and Robert Bonta, in their official capacities (collectively, ("Defendants.")

- 1

# INTRODUCTION

The Fourteenth Amendment to the United States Constitution defines a U.S. Citizen as a person either born in the United States or a naturalized Citizen. The U.S. Constitution goes on to outline by Amendments additional rights and limitations on the government concerning a U.S. Citizen's right to vote. The Fourteenth Amendment also protects U.S. Citizens from the government making or enforcing any law which abridges the privileges or immunities of the people. The U.S. Constitution also contains numerous Amendments relating to the issue of voting. The Fifteenth Amendment of the United States Constitution states: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." The Nineteenth Amendment states: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of sex." The Twenty Sixth Amendment states: "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United State or by any state on account of age." The Twenty Fourth Amendment states: "The right of citizens of the United States to Vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State by reason of failure to pay any poll tax or other tax."

Nevertheless, Senate Bill 1174 ("SB 1174"), enacted September 9, 2024, effective 7/1/2024 contradicts all the voting privileges, rights, and restrictions on government provided to a U.S. Citizen's right to vote in elections held in the United States.

SB 1174 prohibits local governments from requiring individuals to present an ID to prove that they are eligible to vote.

Irrespective of party affiliation, voter fraud has been a major concern for American citizens throughout recent election cycles.  Public outcry has been loud and clear because it involves a public interest regarding a fundamental right.  One prominent citizen, Elon Musk recently stated: "Wow, it is now illegal to require voter ID in California! They just made PREVENTING voter fraud against the law."

In essence, SB 1174 is aiding and abetting the commission of a crime by providing a pathway for voting by those who are not eligible to vote.

The purported justification for SB 1174 is that requiring individuals to present an ID before they vote would create an undue burden on individuals because many individuals are elderly, disabled, ethnic minority or unable to afford to pay for an ID. The purported justification lacks merit on all fronts, is patronizing and offensive to those who fall within those classifications.

A. <u>Elderly & Disabled</u>: Most of this group of California residents possess either a California driver's license, identification card, or other government issued identification, and are receiving retirement, social security, Medicare and/or other government benefits. Identification is required when application is made

- 3 -

for benefits, and/or health care providers when seeking medical treatment or medications. It is farcical for the State to position that this group must take steps to acquire identification immediately before an election.

B. <u>Ethnic Minorities</u>:  The presumption is that they are of such low intellect and/or limited resources that to require identification is unduly burdensome. Even members of those classes object to having their votes diluted by fraud perpetrated by non-citizen voting.  It appears that the true underlying reason for the law is to permit voting by non-citizens to vote in American elections.

SB 1174 violates the 14th Amendment of the U.S. Constitution, which limits the government from making or enforcing any law which abridges the privileges or immunities of the people. SB 1174 allows all people to vote regardless of U.S. Citizenship.  The clear effect is to disenfranchise American citizens and those seeking public office in both federal, state, and local elections by diluting their voting power. Their voices potentially, and very likely, are being silenced by noncitizens who have been enabled and even encouraged to submit ballots by the State of California in federal, state, and local elections. Upon entry into the country, non-citizens are provided with voter registration forms.  They are encouraged to vote Democrat. They are encouraged to make application for California driver's licenses which, under state law, AB 60, will be issued upon presentation of only a utility bill with no residence address required. The only proof of identity is submission of one of the following documents among others: Mexican Federal Electoral Card, passport, foreign passport, or check the box: "I do not

have any of the documents listed above." Plaintiff also seeks relief from this fraud enabling practice.

By this lawsuit Plaintiff LONG DAVID LIU seeks declaratory and injunctive relief regarding the unconstitutionality of SB 1174, and any other state statutes or constitutional provisions upon which it is based. Candidate Liu would be severely disadvantaged if voting officials are prevented from making inquiry of whether the voter is in fact the individual who attempts to submit a ballot. By far, the highest percentage of voting occurs "in-person," and on the last day to vote. It is critical for election officials to be able to inquire of eligibility to vote.

## JURISDICTION AND VENUE

1. This case presents federal questions arising under the Constitution of the United States and seeks relief for the deprivation of federal rights under color of state law. This Court accordingly has subject-matter jurisdiction pursuant to 28 U.S.C. Sections 1131, 1343.

2. This Court has authority to award Plaintiff's declaratory relief pursuant to 28 U.S.C. Section 2201, and injunctive relief under 28 U.S.C. Sections 1343, 2202 and rule 65 of the Federal Rules of Civil Procedure.

3. Venue is proper in this District under 28 U.S.C. Section 1391 (b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. Plaintiff is LONG DAVID LIU. Mr. Liu is seeking election to the California State Assembly to represent District 49. The 49th District includes Monterey Park, San Gabriel, Alhambra, South Pasadena, Pasadena, Arcadia, and Rosemead. Mr. Liu is on the ballot in the general election on November 5, 2024. He advanced from the primary on March 5, 2024. He hosts television talk shows and local media on pressing local issues. He often is interviewed by the New York Times, Bloomberg Business Week, Fox News, CNN and Associated Press. Mr. Liu also produces a widely followed podcast on political and social issues important to Californians.

5. Defendant Gavin Newsom is the Governor of California. The California Constitution vests the "supreme executive power of the State" in the Governor, who "shall see that the law is faithfully executed." Cal Const. art. V. Section 1. Defendant Gavin Newsom is sued in his official capacity.

6. Defendant Robert Bonta is the Attorney General of California. The California Constitution vests the Attorney General with the duty to "see that the laws of the State are uniformly and adequately enforced." Cal. Const. art. V. Section 13. Defendant Bonta is sued in his official capacity.

## FACTUAL ALLEGATIONS

## AB 1174

7. SB 1174 states: A local government shall not enact or enforce any charter provision, ordinance, or regulation requiring a person to present identification for the purpose of voting or submitting a ballot at any polling place, voting center, or other

location where ballots are cast or submitted, unless required by state or federal law. For the purpose of this section, "local government" means any charter or general law city, charter or general law county, or any city and county. (Exhibit "A")

8.  Section 2 of SB 1174 reads: the Legislature finds and declares that Section 1 of this act adding Section 10005 of the Elections Code addresses a matter of statewide concern rather than a municipal affair as that term is used in Section 5 of Article XI of the California Constitution. Therefore, Section 1 of this act applies to all cities, including charter cities.

9.  SB 1174 violates the U.S. Constitution by allowing non-U.S. citizens from participating in and voting in U.S. elections. The U.S. Constitution under Amendments 14, 15, 17, 19, and 26 provided rights to U.S. Citizens. The Amendments also provided restrictions in government action in interfering with U.S. Citizen's right to vote. SB 1174 permits non-U.S. citizens in participating in and voting in U.S. elections. SB 1174 circumvents the requirements outlines in the U.S. Constitution pertaining to the U.S. Citizen's right to vote. By banning proof of eligibility to vote in U.S. elections, would allow potentially any person regardless of U.S. citizenship through birth or naturalization to vote.

10. SB 1174 may also interfere with national security because it would allow non-U.S. Citizens living in the United States to partake in and vote in U.S. elections when the U.S. Constitution limited voting in U.S. elections to U.S. Citizens. By prohibiting workers from asking people for an ID it would allow non-U.S. Citizens to vote for individuals to

office that do not represent the views of U.S. Citizens. This in-turn would also violate the Fourteenth Amendment which gives U.S. citizens the right to vote by diluting their vote when allowing others who are not U.S. citizens the ability to vote in elections. In addition, the law allows abuses such as voting by proxy. Persons casting ballots need not be physically present on U.S. soil, nor ever having been present in the U.S. Persons unknown are permitted to submit ballots without regard to identity.

### *STANDING- LONG DAVID LIU*

11. Plaintiff, a U.S. Citizen, will suffer immediate irreparable harm because SB 1174 has taken effect because Governor Newsom has signed it into law. Other individuals who are U.S. Citizens will also suffer immediate irreparable harm because SB 1174 will dilute their vote by allowing individuals who are not U.S. citizens to vote in U.S. elections. SB 1174 would hamper Plaintiff's and other similarly situated persons to elect into office individuals they believe represents their views. This is because it would allow individuals who are not U.S. citizens to compete with U.S. citizens in selecting a candidate into government office.

### FIRST CLAIM FOR RELIEF:

### 14th AMENDMENT DUE PROCESS CLAUSE- A U.S. CITIZENS RIGHT TO VOTE

### U.S. CONST. AMENDMENT XIV

12. Plaintiff hereby incorporate the allegations made in each preceding paragraph of this Complaint as if fully set forth herein.

13. The Fourteenth Amendment to the United States Constitution defines a U.S. Citizen as a person either born in the United States or a naturalized Citizen. The U.S. Constitution goes on to outline by Amendments additional rights and limitations on the government concerning a U.S. Citizen's right to vote. The Fourteenth Amendment also protects U.S. Citizens from the government making or enforcing any law which abridges the privileges or immunities of the people.

14. SB 1174 states: A local government shall not enact or enforce any charter provision, ordinance, or regulation requiring a person to present identification for the purpose of voting or submitting a ballot at any polling place, voting center, or other location where ballots are cast or submitted, unless required by state or federal law. For the purpose of this section, "local government" means any charter or general law city, charter or general law county, or any city and county. (Exhibit "A")

15. Section 2 of SB 1174 reads: the Legislature finds and declares that Section 1 of this act adding Section 10005 of the Elections Code addresses a matter of statewide concern rather than a municipal affair as that term is used in Section 5 of Article XI of the California Constitution. Therefore, Section 1 of this act applies to all cities, including charter cities.

16. SB 1174 violates the U.S. Constitution by allowing non-U.S. citizens from participating in and voting in U.S. elections. The U.S. Constitution under Amendments 14, 15, 17, 19, and 26 provided rights to U.S. Citizens. The Amendments also provided restrictions in government action in interfering with U.S. Citizen's right to vote. SB 1174

permits non-U.S. citizens in participating in and voting in U.S. elections. SB 1174 circumvents the requirements outlined in the U.S. Constitution pertaining to the U.S. Citizen's right to vote. Banning proof of eligibility to vote in U.S. elections, would allow potentially any person regardless of U.S. citizenship through birth or naturalization to vote in important federal, state, and local elections.

17. SB 1174 may also interfere with national security because it would allow non-U.S. Citizens living in the United States to partake in and vote in U.S. elections when the U.S. Constitution limited voting in U.S. elections to U.S. Citizens. By prohibiting workers from asking people for an ID would allow non-U.S. Citizens to vote for individuals to office that do not represent the views of U.S. Citizens. This, in-turn, would also violate the Fourteenth Amendment which gives U.S. citizens the right to vote by diluting their vote by allowing others who are not U.S. citizens the ability to vote in elections.

18. SB 1174 takes away a U.S. citizen's right to vote into office a person that aligns with their views by diluting a U.S. citizen's vote by allowing non-citizens to vote in U.S. elections.

19. SB 1174 is not narrowly tailored.  Clearly, less restrictive alternatives exist, i.e. fee waivers for those unable to pay acquisition costs for identification. The stated bases for the statute are patent fabrications. There appears to be no legitimate bases for the statute, while nefarious obvious reasons are quite apparent.

20. SB 1174 does not serve any compelling interest because the law takes away a U.S. Citizens right to vote by diluting their vote by allowing any person regardless of citizenship status to vote in U.S. elections.

21. Therefore, SB 1174 violates the Fourteenth Amendment.

22. Plaintiff has no adequate remedy at law. Absent relief, Defendants' actions continue to harm and threaten to harm Plaintiff by impairing enjoyment of this right.

## SECOND CLAIM FOR RELIEF:

### Unconstitutional Conditions

23. Plaintiff hereby incorporate the allegations made in each preceding paragraph of this Complaint as if fully set forth herein.

24. The unconstitutional conditions doctrine is triggered "whenever the government succeeds in pressuring the plaintiff into forgoing a constitution right in exchange for a benefit or the government withholds a benefit based on the plaintiff's refusal to surrender a constitutional right." *Staviranoudakis v. U.S. Fish & Wildlife Serve.,* 108 F.4th 1128, 1137 (9th Cir. 2024) (citing *Koontz v. St. Johns River Water Mgmt. Dist.,* 570 U.S. 595, 606-07 (2013).

25. The doctrine applies to enumerated and unenumerated constitutional rights. *See, Koontz,* 570 U.S. at 604, and unenumerated constitutional rights, *see Mem'l Hosp. v. Maricopa County,* 415 U.S. 250, 258-59.

26. Under this doctrine, even if the plaintiff seeks only a "discretionary benefit," the government may not "condition the benefits it bestows" on the "relinquishment of

constitutional rights. *Stavrianoudakis,* 108 F.4th at 1136 (quoting, *Frost v. R.R. Comm'n,* 271 U.S. 583, 593-94 (1926)).

27. The Fourteenth Amendment to the United States Constitution defines a U.S. Citizen as a person either born in the United States or a naturalized Citizen. The U.S. Constitution goes on to outline by Amendments additional rights and limitations on the government concerning a U.S. Citizen's right to vote. The Fourteenth Amendment also protects U.S. Citizens from the government making or enforcing any law which abridges the privileges or immunities of the people.

28. SB 1174 states: A local government shall not enact or enforce any charter provision, ordinance, or regulation requiring a person to present identification for the purpose of voting or submitting a ballot at any polling place, voting center, or other location where ballots are cast or submitted, unless required by state or federal law. For the purpose of this section, "local government" means any charter or general law city, charter or general law county, or any city and county. (Exhibit "A")

29. Section 2 of SB 1174 reads: the Legislature finds and declares that Section 1 of this act adding Section 10005 of the Elections Code addresses a matter of statewide concern rather than a municipal affair as that term is used in Section 5 of Article XI of the California Constitution. Therefore, Section 1 of this act applies to all cities, including charter cities.

30. SB 1174 violates the U.S. Constitution by allowing non-U.S. citizens from participating in and voting in U.S. elections. The U.S. Constitution under Amendments

14, 15, 17, 19, and 26 provided rights to U.S. Citizens. The Amendments also provided restrictions in government action in interfering with U.S. Citizen's right to vote. SB 1174 permits non-U.S. citizens in participating in and voting in U.S. elections. SB 1174 circumvents the requirements outlines in the U.S. Constitution pertaining to the U.S. Citizen's right to vote. Banning proof of eligibility to vote in U.S. elections, would allow potentially any person regardless of U.S. citizenship through birth or naturalization to vote.

31. SB 1174 may also interfere with national security because it would allow non-U.S. Citizens living in the United States to partake in and vote in U.S. elections when the U.S. Constitution limited voting in U.S. elections to U.S. Citizens. By prohibiting workers from asking people for an ID it would allow non-U.S. Citizens to vote for individuals to office that do not represent the views of U.S. Citizens. This, in-turn, would also violates the Fourteenth Amendment which gives U.S. citizens the right to vote by diluting their vote by allowing others who are not U.S. citizens the ability to vote in elections.

32. SB 1174 takes away a U.S. citizen right to vote into office a person that aligns with their views by diluting a U.S. citizen's vote by allowing individuals who are not U.S. Citizens from voting in U.S. elections.

33. In effect, California has ordered Plaintiffs to give up their right to vote by diluting their vote in U.S. elections.

34. Plaintiff has not accepted the state's unconstitutional conditions, and any such conditions constitute an independent violation.

35. Plaintiff has no adequate remedy at law. Absent relief, Defendants' actions continue to harm and threaten to harm Plaintiff by impairing enjoyment of this right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LONG DAVID LIU prays for relief as follows:

36. Preliminary and permanent injunctive relief preventing Defendants from enforcing SB 1174, or, alternatively, from enforcing the California statute and constitutional provisions upon which SB 1174 is based to the extent those statutes and provisions violate the Fourteenth Amendment to the U.S. Constitution.

37. An order and judgment declaring that SB 1174, or, alternatively, the California statutes and constitutional provisions upon which SB 1174 is based, violate the Fourteenth Amendment of the U.S. Constitution.

38. Reasonable attorney's fees and costs pursuant to 42 U.S.C. Section 1988 and other applicable laws; and

39. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*David Milton*

David S. Milton, Esq.
Long David Liu, Esq.

*Counsel for Plaintiff,*
*Long David Liu*